IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHAYANNE TORRES,

    Plaintiff,

v.                                Case No.: 3:18-cv-2470

HONEY BEE DAY CARE CENTER, LLC,
and TOMMI D. MENDOZA,

    Defendants.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, CHAYANNE TORRES, by and through her undersigned counsel, brings this action against Defendants, HONEY BEE DAY CARE CENTER, LLC, and TOMMI D. MENDOZA, and in support thereof alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by

Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, HONEY BEE DAY CARE CENTER, LLC, has offices located in Grand Prairie, Texas.

## THE PARTIES

4. Plaintiff is an individual who resides in Grand Prairie, Texas, and worked for Defendants from on or about April of 2016, through June 14, 2018, as an infant caregiver at the rate of $9.50 per hour.

5. Defendant, HONEY BEE DAY CARE CENTER, LLC, is a limited liability corporation formed and existing under the laws of the State of Texas, and at all times material to this complaint, maintained and operated a daycare business in Grand Prairie, Texas,

6. Defendant, TOMMI D. MENDOZA, is a resident Grand Prairie, Texas, and is the managing member of HONEY BEE DAY CARE CENTER, LLC

## COMMON ALLEGATIONS

7. Defendant, HONEY BEE DAY CARE CENTER, LLC, operates a company primarily engaged in the business of child care and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, HONEY BEE DAY CARE CENTER, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, HONEY BEE DAY CARE CENTER, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, HONEY BEE DAY CARE CENTER, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material hereto, Defendant, TOMMI D. MENDOZA, actively ran the business of Defendant, HONEY BEE DAY CARE CENTER, LLC, on a day-to-day basis and acted directly or indirectly in the interest of Defendant, HONEY BEE DAY CARE CENTER, LLC, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

12. Plaintiff was at all times material individually engaged in commerce as her work was directly related to the movement products and information in interstate commerce. Plaintiff's regular and recurring work included the use of the internet, emails, and other channels of commerce.

13. Defendant, TOMMI D. MENDOZA, had the ability to hire and fire plaintiff; and, controlled Plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was Plaintiff's employer as defined by 29 U.S.C. §203(d).

14. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours. Plaintiff does not have immediate access to her time records. However, Plaintiff's time records are in the care, custody and control of the Defendants.

15. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

16. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

17. Defendants failed to act reasonably to comply with the FLSA, and, as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

18. Plaintiff is also entitled to an award of reasonable and necessary

attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

19. Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
Ph: (214) 308-6505
Fax: (855) 605-1505
steve@texaslit.com

**ATTORNEYS FOR PLAINTIFF**